# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4106
_____

ABRAKA OKPOSIO,

Appellant,

v.

BARRY UNIVERSITY (Main
Campus),

Appellee.

_____

On appeal from the Florida Commission on Human Relations.
Michelle Wilson, Executive Director.

September 25, 2018

PER CURIAM.

Appellant, Abraka Okposio, a Canadian citizen, appeals a Notice of Dismissal entered by the Florida Commission on Human Relations ("Commission") wherein the Commission dismissed Appellant's Public Accommodations Complaint in which he claimed that Appellee, Barry University, discriminated against him based on race and national origin because it would not assist him with financing his third year of law school. In its Notice of Dismissal, the Commission informed Appellant that it did not have authority to investigate his charge of discrimination. Appellant challenges the Commission's dismissal based upon his contention that Appellee is a place of "public accommodations" under the Florida Civil Rights Act of 1992 ("Act") because it has libraries or

"places of entertainment" on its premises. For the following reasons, we reject Appellant's argument and affirm.

The general purposes of the Act are to:

> secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

§ 760.01(2), Fla. Stat. (2016). Section 760.08, Florida Statutes (2016), provides that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion." The term "[p]ublic accommodations" is defined as "places of public accommodation, lodgings, facilities principally engaged in selling food for consumption on the premises, gasoline stations, places of exhibition or entertainment, and other covered establishments." § 760.02(11), Fla. Stat. (2016). Each of the following establishments "which serves the public is a place of public accommodation within the meaning" of subsection (11):

> (a) Any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than four rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his or her residence.

> (b) Any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the

2

premises of any retail establishment, or any gasoline station.

(c) Any motion picture theater, theater, concert hall, sports arena, stadium, **or other place of exhibition or entertainment**.

(d) Any establishment which is physically located within the premises of any establishment otherwise covered by this subsection, **or within the premises of which is physically located any such covered establishment, and which holds itself out as serving patrons of such covered establishment**.

§ 760.02(11), Fla. Stat. (2016) (emphasis added).

The goal of statutory construction, which is a pure question of law reviewable de novo, is to identify the Legislature's intent. *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 301 (Fla. 2017). When a statute is clear and unambiguous, a court must use the plain language of a statute and avoid rules of statutory construction to determine legislative intent. *Id.* Where statutory language is unclear or ambiguous, statutory construction rules should be applied. *Id.* at 302. One such rule requires courts to presume that the Legislature intended the words it chose to include in a statute. *Id.* Under the canon of construction expressio unius est exclusio alterius, the supreme court has reasoned that "the Legislature purposefully excluded items not included in a list." *Id.*

In support of his argument on appeal, Appellant relies upon the fact that section 760.02(11) does not expressly exclude libraries from the definition of "public accommodations." However, under the doctrine of expressio unius est exclusio alterius, it can be said that the Legislature purposefully excluded libraries from the definition of "public accommodations" by not including them therein. While Appellant argues that a library could be considered a "place of entertainment" under section 760.02(11)(c), we disagree. A library is distinct from a "motion picture theater, theater, concert hall, sports arena, [or] stadium." Although Appellant cites *United States v. DeRosier*, 473 F.2d 749, 751-52

3

(5th Cir. 1973), in support of his argument that a library should be considered a place of entertainment, the place at issue in that case was a "neighborhood bar," not a library. In addressing this issue, we find it of interest that 42 U.S.C.A. § 12181(7)(H), which is part of the federal Civil Rights Act and applies to discrimination against people with disabilities, defines "public accommodation" to include "a museum, library, gallery, or other place of public display or collection." Museums and galleries are far more similar to libraries than the places listed in section 760.02(11)(c). Had the Florida Legislature wished to include such places within its definition of "public accommodations," it certainly could have done so. Because it did not, Appellant's argument is meritless. We, therefore, affirm the order on appeal.

AFFIRMED.

WOLF and LEWIS, JJ., concur; ROWE, J., concurs in result.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Abraka Okposio, pro se, Appellant.

No appearance for Appellee.

4